UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **HESS CONSTRUCTION COMPANY, L.L.C.** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 11-530** |
| | * | |
| **JOHNNY E. DOLLAR, ET AL.** | * | **SECTION "L"(5)** |

**ORDER & REASONS**

The Court has pending before it three cross motions for summary judgment seeking to resolve all remaining issues in this case. (Rec. Docs. 96, 98, 100). The Court has reviewed the briefs and the applicable law and now issues this Order and Reasons.

**I.  BACKGROUND**

This case arises indirectly out of the breach of a March 11, 2007 contract between Plaintiff Hess Construction Company, LLC ("Hess") and Defendant Chapel Hill Aggregates, LLC ("CHA"). Pursuant to the contract, Hess would separate, screen, and wash sand and gravel obtained from CHA's pits in Tangipahoa Parish. Hess alleged that the contract required CHA to provide raw material allowing production of 18,000 tons of finished material per 24-hour period, six days per week, for at least three years. The business relationship broke down, and Hess ultimately filed suit in this Court alleging that CHA breached the agreement no later than August 31, 2007 by failing to provide the required amount of material and failing to pay amounts owed under the contract. That case, Civil Action No. 08-4296, was filed on August 28, 2008. CHA was the sole named defendant.

A jury trial in the 08-4296 case began on December 6, 2010, and lasted three days. The jury returned a verdict in favor of Plaintiff Hess and against Defendant CHA in the amount of

$1,465,194. The Court entered judgment on December 22, 2010, and denied a motion for relief from judgment and for a new trial on February 7, 2011. CHA filed a timely notice of appeal. The United States Court of Appeals for the Fifth Circuit affirmed the judgment, holding that "[t]he jury could have reasonably awarded more than the $1,465,194 it settled on." *Hess Constr. Co., L.L.C. v. Chapel Hill Aggregates, L.L.C.*, No. 11-30244, 458 F. App'x 362, 363 (5th Cir. 2012).

The present case arises out of Hess's efforts to execute that judgment against CHA. Hess alleges that some time before the end of 2007, CHA sold all of its assets, distributed those profits to the LLC members, and ceased all business activity. Essentially, Hess alleges that after CHA breached the gravel contract but before Hess filed suit, CHA liquidated its assets and disbursed the profits to the Member Defendants and to Chapel Hill in order to frustrate Hess's ability to recover an eventual judgment. Hess filed the original complaint in this case on March 7, 2011 against CHA and the members of that LLC (the "Member Defendants") seeking to collect the amount of the money judgment from the Member Defendants as well as the LLC. Specifically, Hess alleged that the distributions left Chapel Hill Aggregates insolvent in violation of Louisiana Revised Statute 12:1327, or in the alternative, Louisiana Civil Code article 2036.

All of the Defendants named in the original complaint filed motions to dismiss on the basis of peremption, standing, and service issues. (Rec. Docs. 23, 26, 27). After the motions to dismiss were filed, Hess filed an amended complaint adding additional factual allegations and causes of action and naming Chapel Hill, LLC ("CH") as an additional defendant. Hess alleges that CH engaged in similar business activities as CHA and was as a single business enterprise with CHA. Also, the Member Defendants allegedly funneled the distributions they received from CHA into CH to shift assets and defraud Hess. Defendants to the original complaint then filed renewed motions to dismiss. (Rec. Docs. 47, 57).

On January 24, 2012, the Court granted in part and denied in part the Defendants' various motions to dismiss. (Rec. Doc. 60). Specifically, the Court granted the motions with respect to Hess's § 12:1327 claim, revocatory claim, and oblique action claim on the grounds of peremption. The Court also dismissed Hess's fraud claim for failing to plead with the degree of specificity required by Federal Rule of Civil Procedure 9(b). However, the Court denied the motion with respect to Hess's claims for corporate veil piercing, single business enterprise, and de facto dissolution.

## II.   PRESENT MOTIONS

The parties now submit cross motions for summary judgment on the remaining claims. (Rec. Docs. 96, 98, 100). Hess concedes that its allegations of de facto dissolution do not constitute a separate claim. (Rec. Doc. 102 at 11). Therefore, only two claims remain: the claims against the Member Defendants for piercing the corporate veil or treating CHA as their alter ago, and the claim against CH and CHA under the single business enterprise doctrine. Both Plaintiff and the Defendants argue that they are entitled to summary judgment on each of these claims.

## III.   LAW AND ANALYSIS

### A.   Standard of Review

Summary judgment is appropriate if the moving party can show "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Under Federal Rule of Civil Procedure 56(c), the moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). When the moving party has met its Rule 56(c) burden, the nonmovant cannot survive a motion for summary judgment by resting on the

mere allegations of its pleadings. *See Prejean v. Foster*, 227 F.3d 504, 508 (5th Cir. 2000). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986). Furthermore, "[t]he non-movant cannot avoid summary judgment . . . by merely making 'conclusory allegations' or 'unsubstantiated assertions.'" *Calbillo v. Cavender Oldsmobile, Inc.*, 288 F.3d 721, 725 (5th Cir. 2002) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). In deciding a summary judgment motion, the court reviews the facts drawing all reasonable inferences in the light most favorable to the nonmovant. *Id*. at 255.

**B.     Analysis**

   **1.     Claims against the Member Defendants**

Hess argues that there is no genuine issue of material fact that the Member Defendants treated CHA as their alter ego, such that it is appropriate for this Court to pierce the corporate veil of CHA and hold its individual members liable. (Rec. Doc. 100).[1] However, Hess cannot meet its burden of proof on these claims for three reasons.

First, with respect to all Member Defendants except for Mr. Dollar, application of the alter ego theory is inappropriate because those Defendants did not dominate or control CHA. As

---

[1] As part of this claim, Hess argues that when CHA sold its assets and ceased business, it engaged in a "de facto dissolution" without following the formal procedure for dissolution of an LLC described in La. Rev. Stat. § 12:1334. But the Member Defendants rightfully point out that § 12:1334 does not impose liability on LLC members for failure to dissolve an LLC; it merely lists events that will cause an LLC's dissolution. Hess has not cited any legal authority suggesting that CHA was required to dissolve when it sold its assets and ceased business. *See also Ronald A. Chisholm (U.S.A.) Inc. v. Anpro Trading, LLC*, No. 06–3300, 2008 WL 4691213, at *5 (E.D. La. Oct. 22, 2008) (declining to pierce the veil of an LLC merely on the grounds that it had ceased business without formally dissolving). Accordingly, CHA's failure to formally dissolve does not entitle Hess to any particular relief against CHA or its members.

the Fifth Circuit has stated, "a finding of control or domination of a corporation by an individual or a corporate entity and the use of the corporate fiction are necessary prerequisites to the application of the alter ego theory of liability" under Louisiana law. *Talen's Landing, Inc. v. M/V Venture, II*, 656 F.2d 1157, 1161 n.6 (5th Cir. 1981) (citing *Noe v. Roussel*, 310 So.2d 806, 826 (La. 1975); *Panther Pumps & Equipment Co., Inc. v. Hydrocraft, Inc.*, 424 F.Supp. 815, 821-22 (N.D. Ill. 1976); *see also Pel-Star Energy, Inc. v. U.S. Dep't of Energy*, 890 F.Supp. 532, 541 (E.D. La. 1995) (citing *Riverside Maritime Enter., Inc. v. Ishmael*, No. 86–4475, 1991 WL 68214, at *3 (E.D. La. Apr. 22, 1991)). Hess does not appear to dispute that Defendants Jones, Bethune, Davis, and Wickey each had a 7.875% interest in the company, or that Defendant Laird had a 5.5% interest in the company. (Rec. Doc. 98-1 at ¶ 4).[2] Accordingly, these individual defendants cannot be held liable under an alter ego theory of liability.

Second, with respect to all the Member Defendants, including Mr. Dollar, Hess has submitted minimal evidence in support of the five factors required for piercing a corporate veil, which were identified in *Riggins v. Dixie Shoring Co., Inc.*, 590 So.2d 1164 (La. 1991), *reh'g denied*, 592 So.2d 1282 (1992).[3] As stated by the *Riggins* Court, those five factors "include, but are not limited to: 1) commingling of corporate and shareholder funds; 2) failure to follow

---

[2]Although Defendant Dollar was also a minority shareholder, with 31.50% ownership, he "managed the day-to-day operations of the business." (Rec. Doc. 105 at 2). Thus, it is slightly less clear whether he dominated or controlled CHA. Nonetheless, Hess is not entitled to summary judgment against Dollar due to the additional reasons described below.

[3]The Court assumes, without deciding, that it would treat an LLC like a corporation for the purpose of veil-piercing analysis. *Accord Prasad v. Bullard*, No. 10-291, 51 So.3d 35, 40 (La. App. 5 Cir. 10/12/10); *ORX Res., Inc. v. MBW Exploration, L.L.C.*, Nos. 2009-0662, 2009-0859, 32 So.3d 931, 935 (La. App. 4 Cir. 2/10/10). *But see Double-Eight Oil & Gas, L.L.C. v. Caruthers Producing Co.*, No. 44,199, 13 So.3d 754, 757-58 (La. App. 2 Cir. 5/20/09). As noted by the Defendants, this issue was not disputed in *Hollowell v. Orleans Regional Hospital, LLC*, 217 F.3d 379 (5th Cir. 2000).

statutory formalities for incorporating and transacting corporate affairs; 3) undercapitalization; 4) failure to provide separate bank accounts and bookkeeping records; and 5) failure to hold regular shareholder and director meetings." *Id.* at 1168. The vast majority of Hess's arguments and evidence relates to whether CHA and CH may be considered a single business enterprise. Hess cites only three pieces of evidence that the Member Defendants treated CHA as their alter ego.

First, Hess notes that the Member Defendants were required to declare the proceeds from CHA's asset sales on their individual income taxes. (Depo. of Amy Hale, Rec. Doc. 100-4 at 26). However, as the Member Defendants point out, no cash from that sale was distributed to the Member Defendants. *Id.* The only benefit that all the Members received from that sale was the elimination of a debt from the corporation that they owned; additionally, some of the members benefitted from the elimination of that debt because they were co-signers on the promissory note. *Id.* But neither of these benefits can be the basis for a finding of improper conduct to warrant veil-piercing. Second, Hess cites the fact that Defendants Jones, Bethune, Davis, and Wickey were co-signers on the line of credit issued by Missouri Bank & Trust. (Promissory Note, Rec. Doc. 102-3 at 1). However, the mere fact that four of the Member Defendants secured one of the LLC's debts does not dissolve them into the LLC itself. Third, Hess argues that CHA was undercapitalized. But regardless of whether this is true, undercapitalization alone is not sufficient to pierce the corporate veil. *See, e.g.*, *Sea Tang Fisheries, Inc. v. You'll See Sea Foods, Inc.*, 569 So.2d 992, 996-97 (La. Ct. App. 1990). In short, Hess has not made a sufficient showing of the *Riggins* factors to survive a motion for summary judgment on its alter ego claims.

Finally, even if Hess could provide evidence that the Member Defendants had acted improperly, any claims based on this conduct would be prescribed and/or peremptied under La.

Rev. Stat. § 12:1502, as the allegedly improper distribution occurred in October 2007, more than three years before Hess filed this suit. Accordingly, the Member Defendants are entitled to summary judgment on Hess's alter ego claim, including its allegations of de facto dissolution.

### 2. Claims against CH and CHA

The parties also move for summary judgment on Hess's claims against CH and CHA (the "Corporate Defendants") under the single business enterprise doctrine. This doctrine is "a theory for imposing liability where two or more business entities act as one." *Brown v. ANA Ins. Grp.*, 2007-2116, at p. 3 n. 2 (La. 10/14/08); 994 So. 2d 125, 1266 n.2. "Generally, under the doctrine, when corporations integrate their resources in operations to achieve a common business purpose, each business may be held liable for wrongful acts done in pursuit of that purpose." *Id.*

The factors used "to determine whether two entities are a 'single business enterprise' are similar" to the *Riggins* factors described above and may be found in *Green v. Champion Ins. Co.*, 577 So.2d 249, 257-58 (La. Ct. App. 1991). *Jackson v. Tanfoglio Giuseppe, S.R.L.*, 625 F.3d 579, 587 (5th Cir. 2010). The *Green* factors "include, but are not limited to, common ownership, directors and officers, employees, and offices; unified control; inadequate capitalization; noncompliance with corporate formalities; centralized accounting; unclear allocation of profits and losses between corporations; one corporation paying the salaries, expenses, or losses of another corporation; and undocumented transfers of funds between entities." *Id.* (citing *Hollowell v. Orleans Reg'l Hosp., LLC*, 217 F.3d 379, 385-89 (5th Cir. 2000); *Green*, 577 So.2d at 258)). "No one factor is dispositive." *Id.* (citing *Green*, 577 So.2d at 258).

Hess and the Corporate Defendants each cite different evidence in support of the various

*Green* factors.[4] Hess emphasizes, *inter alia*, the common ownership and control of the two companies, their shared bank account and line of credit, and the apparent lack of formal shareholder or directors meetings. Conversely, the Corporate Defendants, emphasize, *inter alia,* their compliance with corporate formalities, their maintenance of separate bookkeeping records, and their adequate capitalization.

Whether CH and CHA operated as a single business enterprise is a factually pregnant issue appropriate for resolution at trial. Because each side has marshaled credible evidence in support of its position, there remains a genuine issue of material fact, and accordingly, neither side is entitled to summary judgment. The motions for summary judgment with respect to CH and CHA on this issue must be denied.

## IV.   CONCLUSION

For the reasons described above, the Member Defendants are entitled to summary judgment on Hess's alter ego claims, but no party is entitled to summary judgment on Hess's single business enterprise claim against the Corporate Defendants.

Accordingly, IT IS ORDERED that Defendants Chapel Hill, LLC, Chapel Hill Aggregates, LLC, and Johnny E. Dollar's Motion for Summary Judgment (Rec. Doc. 96), joined in full by John C. Laird (Rec. Doc. 97), is GRANTED IN PART and DENIED IN PART. Specifically, Defendants' motion is GRANTED with respect to Johnny E. Dollar and John C. Laird, and DENIED with respect to Chapel Hill, LLC and Chapel Hill Aggregates, LLC. IT IS FURTHER ORDERED that Plaintiff's claims against Johnny E. Dollar and John C. Laird are DISMISSED WITH PREJUDICE.

---

[4]In their briefs, the parties sometimes cite the *Riggins* factors, rather than the *Green* factors, in making their arguments, but as noted by the Fifth Circuit in *Jackson*, the two sets of factors are similar.

IT IS FURTHER ORDERED that Defendants Thomas Jones, Scott Bethune, Grant Davis and Timothy Wickey's Motion for Summary Judgment (Rec. Doc. 98), joined in full by John C. Laird (Rec. Doc. 99), is GRANTED. IT IS FURTHER ORDERED that Plaintiff's claims against Thomas Jones, Scott Bethune, Grant Davis, and Timothy Wickey are DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that Plaintiff Hess Construction Company's Motion for Summary Judgment (Rec. Doc. 100) is DENIED.

New Orleans, Louisiana, this 7th day of January, 2013.

_____
UNITED STATES DISTRICT JUDGE